NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0289n.06

Case No. 24-3322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JEFFREY RASAWEHR, )
      Plaintiff - Appellant, )
)
v. )
)
JEFF GREY; MERCER COUNTY, OH; )
CHAD FORTKAMP, )
      Defendants - Appellees. )
)

**FILED**
Jun 10, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: GIBBONS, McKEAGUE, and STRANCH, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Jeffrey Rasawehr is a fierce government critic. Over the years, he has directed much of his criticism toward the Mercer County Sheriff's Office and its officials. The county eventually prosecuted Rasawehr for obstructing official county business. The case went to trial and a jury acquitted Rasawehr of the charges. Rasawehr then sued the county and its officials in federal court, alleging violations of his First and Fourth Amendment rights. The district court granted summary judgment for defendants. We affirm.

I.

Rasawehr and the Mercer County Sheriff's Office have had a long and contentious relationship. In 2011, Rasawehr and others developed a biofiltration system for water run-off from farmland. The sheriff's office then issued "an all-points bulletin" against Rasawehr because, according to Rasawehr, it viewed the system as "a threat to the local farming system of choice." DE 47-1, Rasawehr Aff., Page ID 363. Rasawehr turned to "social media to expose and report on

county corruption," including Sheriff Jeff Grey's alleged mishandling of several civil rights and drug cases in Mercer County. *Id.* at 363–64. Rasawehr also filed complaints with the FBI, the NAACP, and several state agencies, but the agencies apparently cleared the sheriff's office of any wrongdoing.

Rasawehr shared his grievances directly, too. Beginning in 2012, Rasawehr called and emailed the sheriff's office several times. Although some of these communications were "professional," others were "threatening" and "harassing." DE 45-4, July 2016 Ltr., Page ID 293. Rasawehr sought to provoke the sheriff's office into an "over-reaction" so he could sue it. *Id.* The county eventually sent Rasawehr a letter, demanding that he "cease and desist" all contact with the sheriff's office unless he has a "legitimate emergency." *Id.* at 294. Rasawehr, however, did not comply. He called or emailed the sheriff's office at least twelve times in September and October 2016.

Rasawehr also believed that the sheriff's office was personally targeting him. In 2012, the county charged Rasawehr with a domestic violence misdemeanor.[1] Afterward, Rasawehr sent harassing emails to the detective who had investigated the dispute.

A few years later, in 2015, Rasawehr called 911 to report that his children had been "kidnapped." DE 1, Page ID 29. But the day before, Rasawehr's ex-wife had told him that his children would not be available for a scheduled visitation because they would be with their grandmother. According to Rasawehr, he called the incident "a kidnapping out of frustration[.]" DE 47-1, Rasawehr Aff., Page ID 364. According to the investigator, Rasawehr knew that his kids were not kidnapped, but wanted to elicit a response from the sheriff's office and his ex-wife and mother.

---

[1] The charge was later reduced to disorderly conduct after Rasawehr's divorce was finalized.

Rasawehr disparaged several individuals on social media. He accused both his sister and mother of being "evil" and killing their husbands and claimed that his ex-wife had murdered two men. DE 45-4, Page ID 296–98. Beyond his family members, Rasawehr called a local telecommunications company employee "corrupt" and accused him of using his company to "fraudulently lease ground." *Id.* at 297. He also claimed that a certified public accountant was "fraudulently filing taxes for people." *Id.*

In October 2016, Chad Fortkamp, a detective with the sheriff's office, filed two criminal complaints against Rasawehr. The first complaint charged Rasawehr with thirteen counts of obstructing official business, *see* Ohio Rev. Code § 2921.31(A), based on his communications with the sheriff's office. The second complaint charged Rasawehr with five counts of menacing by stalking and eight counts of telecommunications harassment, *see id.* §§ 2903.211(A)(1), 2917.21(A)(6), based on his social media posts and communications with family members.

The two cases were joined for trial. A jury acquitted Rasawehr of the obstruction charges but found him guilty of one count of telecommunications harassment and one count of menacing by stalking.

Rasawehr filed this § 1983 action against Mercer County, Ohio, Sheriff Grey, and Detective Fortkamp. He alleged that his First Amendment rights were violated when the county issued the July 2016 cease-and-desist letter (counts 1 and 4) and later prosecuted him based on his speech (count 2). Rasawehr also alleged that the defendants violated his Fourth Amendment rights by prosecuting him without probable cause (count 3). In another claim against the county and

Sheriff Grey, Rasawehr alleged that the cease-and-desist letter was a prior restraint on his free speech rights (count 4).[2]

Defendants moved for summary judgment, which the district granted on all claims. The district court concluded that Rasawehr's First Amendment claims were barred under the applicable statute of limitations, and that his Fourth Amendment malicious prosecution claim failed because there was probable cause for at least one of the charges. Rasawehr timely appealed.

## II.

This court reviews a district court's grant of summary judgment de novo. *United States v. Kelly*, 92 F.4th 598, 601 (6th Cir. 2024). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Rasawehr argues that the district court erred in granting summary judgment on his § 1983 claims for two reasons. First, his First Amendments claims were not barred under the applicable statute of limitations because he did not have reason to know that his First Amendment rights were implicated until trial. Second, his Fourth Amendment malicious prosecution claim was meritorious because the county lacked probable cause for all of the obstruction charges. We address each argument in turn.

## A.

Rasawehr asserts three § 1983 claims based on alleged First Amendment violations. These claims include suppression of free speech (count 1), retaliatory prosecution (count 2), and prior

---

[2] Rasawehr also asserted state-law claims for abuse of process; negligent retention, hiring and supervision; and neglect of duty. Although the district court granted summary judgment on these claims, too, Rasawehr does not appeal these rulings.

restraint on free speech (count 4). The district court found all three claims barred by the applicable statute of limitations.

There is a two-year statute of limitations for § 1983 claims in Ohio. *Beaver St. Invs., LLC v. Summit County*, 65 F.4th 822, 826 (6th Cir. 2023). The limitations period begins to run when the plaintiff "knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citation omitted). Because Rasawehr filed this action on September 17, 2019, the two-year limitations period bars any claim that accrued before September 17, 2017.

*Suppression of free speech.* Rasawehr alleges that the July 2016 letter, directing him to cease and desist all contact with the sheriff's office, suppressed his free speech (count 1) and was itself a prior restraint on his free speech (count 4). The district court concluded that Rasawehr should have known that his First Amendment rights were implicated when he was criminally charged in October 2016 for contacting the sheriff's office after he was told to stop. Because Rasawehr did not file his lawsuit until September 2019, the district court held that these claims were barred by the two-year statute of limitations. On appeal, Rasawehr argues that the criminal charges did not put him on notice that his First Amendment rights were implicated because the charges—obstruction of official business—punish conduct, not speech.

Ohio's obstructing official business statute makes it illegal to "do any *act*" that prevents a public official from conducting their lawful duties. Ohio Rev. Code § 2921.31(A) (emphasis added). It does not explicitly prohibit speech. The criminal complaint, however, quotes several statements that Rasawehr made during phones calls and in emails sent to the sheriff's office.[3]

---

[3] For example, the criminal complaint quotes several messages Rasawehr apparently sent to the sheriff's office, calling Sheriff Grey "pathetic," "corrupt," "a snake and a racist," "weasel," and an "ar[r]ogant buffoon." DE 1, Page ID 30–32 (counts 4, 5, 6, 7, and 9). It also describes a phone

Given the detailed descriptions of Rasawehr's statements, the criminal complaint sufficed to place Rasawehr on notice that his First Amendment rights were implicated.

But even if the criminal complaint did not target Rasawehr's speech, the July 2016 letter put Rasawehr on notice that his First Amendment rights were implicated. The letter demanded that Rasawehr stop contacting the sheriff's office except in the event of an actual emergency. Because the letter restricted how and when Rasawehr could communicate with the sheriff's office, he "should have [been] alerted" that the letter implicated his First Amendment rights. *Cooey*, 479 F.3d at 416 (citation omitted). Because Rasawehr received the letter on July 26, 2016, and he brought this action in September 2019, he missed this statute of limitations deadline by more than a year. The district court correctly concluded that the suppression of free speech and prior restraint claims were time-barred.

*Retaliatory prosecution.* Rasawehr also alleges that the defendants initiated a prosecution in retaliation for his exercise of his right to free speech (count 2). As with his suppression of free speech and prior restraint claims, the district court concluded that Rasawehr's retaliatory prosecution claim was time-barred. Generally, "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To establish a claim for retaliatory prosecution, Rasawehr must show that (1) he engaged in protected conduct; (2) he was subject to "an adverse action" that would deter a person of "ordinary firmness" from engaging in that conduct; (3) the adverse action was "motivated at least in part" by his protected conduct; and (4)

---

call between Rasawehr and a 911 dispatcher, during which Rasawehr said, "fuck you." *Id.* at 33 (count 11).

the defendants lacked probable cause. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 399 (6th Cir. 2016) (citation omitted).

Rasawehr argues that his retaliatory prosecution claim did not actually accrue until 2019, when Sheriff Grey testified during trial that the content of Rasawehr's messages played a role in the sheriff's office's decision to bring the obstruction charges. Rasawehr claims that he "did not know the content of his critical communications . . . was a relevant factor in the [county's] decision to file charges until the trial and Sheriff Grey testified." CA6 R. 14, Appellant Br., at 10. He takes issue with the district court's reliance on a statement he gave to the press when asked to comment on the county's charges. When asked to comment on the recent charges, Rasawehr stated that "[w]e've managed to do the right thing by getting the thug to overreact." DE 1, Page ID 25. According to Rasawehr, the statement showed that he was "excited about criminal charges being levied against him" and is not "an indication that he understood his First Amendment rights were violated." CA6 R. 14, Appellant Br., at 10–11. The district court also relied on Fortkamp's declaration, describing a phone call with Rasawehr in December 2015. According to Fortkamp, Rasawehr told him that his "goal with Jeff Grey is to push him so far that eventually he violates my free speech and I get my lawsuit because I want to get Jeff Grey." DE 45-1, Fortkamp Decl., Page ID 268.

Whether Rasawehr actually knew that his speech motivated the county's prosecution is beside the point. A retaliatory prosecution claim accrues when the defendant initiates the prosecution. *Rapp v. Putman*, 644 F. App'x 621, 625 (6th Cir. 2016); *see Wallace v. Kato*, 549 U.S. 384, 388 (2007). Because the county filed criminal charges against Rasawehr in October 2016, his retaliatory prosecution accrued then. At that point, Rasawehr had engaged in a protected activity (first element), defendants took an adverse action (second element) by initiating a

prosecution of Rasawehr purportedly motivated by his protected conduct (third element) and without probable cause (fourth element).

Rasawehr contends that the criminal complaint did not put him on notice that the county was retaliating against him based on his speech. But as discussed, the criminal complaint repeatedly quotes Rasawaehr's statement made to the sheriff's office. Thus, when the county filed charges in October 2016, Rasawehr should have known that his speech motivated the prosecution. Because he did not bring his retaliatory prosecution claim by October 2018, the district court correctly concluded that it was time-barred.

B.

Rasawehr also claims that defendants violated his Fourth Amendment right to be free from unreasonable seizures when they prosecuted him without probable cause (count 3). To establish a § 1983 malicious prosecution claim, Rasawehr must show that (1) the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause; (3) he was deprived of liberty as understood under the Fourth Amendment; and (4) there was a favorable termination of the proceeding. *See Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010). The district court concluded that Rasawehr failed to make that showing because at least one of the charges was supported by probable cause.

This court previously held that when an official brings multiple charges against a defendant, only one of which is supported by probable cause, the valid charge insulates the official from a claim of malicious prosecution related to the other charges. *See Howse v. Hodous*, 953 F.3d 402, 408–09 (6th Cir. 2020). The Supreme Court then clarified that a malicious prosecution claim is not categorically barred because a baseless charge accompanies a valid charge. *See Chiaverini v. City of Napoleon*, 602 U.S. 556, 558–59 (2024). Courts must now assess probable

cause charge-by-charge. *Id.* at 562–63. Thus, the district court's reasoning for granting summary judgment on the malicious prosecution claim is no longer sound.

But we need not remand the case to the district court for a charge-by-charge analysis because Rasawehr's malicious prosecution claim fails for another reason: qualified immunity. *See Kennedy v. Superior Printing Co.*, 215 F.3d 650, 655 (6th Cir. 2000) ("[T]his court may affirm the judgment of the district court on any grounds supported by the record, even if they are different from those relied upon by the district court."). The doctrine of qualified immunity generally shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights[.]" *Meals v. City of Memphis*, 493 F.3d 720, 729 (6th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A right is clearly established when "existing precedent . . . placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citation omitted). Because *Chiaverini* was decided after the district court granted summary judgment, it had no effect on the "existing precedent" at the time the individual defendants acted. *Id.* at 12, 14.

Under then-existing precedent, the individual officers did not violate clearly established law because at least one of the charges was supported by probable cause. Five of the of the charges stem from messages Rasawehr sent to the sheriff's office, threatening Sheriff Grey and making several disparaging remarks. Two other charges arise from messages Rasawehr sent, alleging that Captain Martin Emerine was "corrupt," vowing to do whatever he could to get him fired for bringing false charges against him, and claiming he was ready to see him in court. DE 1, Page ID 32–33 (counts 8 and 10). Another charge was in response to a phone call between Rasawehr and a 911 dispatcher, during which Rasawehr said, "fuck you." *Id.* at 33 (count 11). And another charge relates to a phone call Rasawehr made during which he stated that he would attend Mercer

County Citizens Academy, despite not being enrolled, and asked the dispatcher to say "Hi" to Sheriff Grey. *Id.* at 33 (count 12). Rasawehr made each of these communications after the sheriff's office told him to stop contacting it unless there was an emergency.

Considering the facts in the light most favorable to Rasawher, there is at least a "probability" that Rasawehr intended to obstruct the county's official business. *Fisher v. Jordan*, 91 F.4th 419, 425 (6th Cir. 2024) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018)); *see* Ohio Rev. Code § 2921.31(A). The defendants, bombarded with harassing messages and calls from Rasawehr, were allowed to make the "[c]ommon-sense" conclusion that Rasawehr was trying to obstruct their official business. *Fisher*, 91 F.4th at 426. Because at least one of the charges was supported by probable cause, the individual officers did not violate clearly established law and are entitled to qualified immunity.[4]

The district court properly granted summary judgment on Rasawehr's malicious prosecution claim.[5]

IV.

For the foregoing reasons, we affirm the district court's order granting summary judgment to defendants.

---

[4] Rasawehr also argues the district court erred in considering his convictions for telecommunications harassment and menacing by stalking. We need not decide whether the district court's consideration of these charges was permissible because probable cause supported at least one of the obstruction charges.

[5] To the extent that Rasawehr asserts a malicious prosecution claim against the county, summary judgment would be warranted on that claim, too. Rasawehr fails to argue (much less show) that the alleged Fourth Amendment violation resulted from the county's official policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).